7824

*EX PARTE* ZEIGLER, *IN RE* HAYDOCK CARRIAGE CO. v. ZEIGLER.

1. PLEADINGS—ADMISSIONS.—The allegation that a discharged debtor at the request of his surety had compromised the liability of his surety is not denied by the answer and need not therefore be proved, but if proof was necessary the evidence shows the payment was made as agreed.

2. WITNESS—REFERENCE—EVIDENCE.—After reference, taking testimony and report of evidence to Court, the Court may examine a witness not examined by the referee in open Court. The excuse for failure to examine the witness in this case was the physical condition of the attorney in charge while the case was under reference.

Before W. B. GRUBER, Special Judge, Barnwell, January, 1910. Affirmed.

Petition of Paul E. Zeigler and Virginia S. Zeigler *in re* T. T. Haydock Carriage Co. against Paul E. Zeigler and Virginia S. Zeigler. So much of the Circuit decree as pertains to the questions at issue is:

"This cause has already been considered by the Supreme Court, and the issues have been very much simplified by the decision of that Court. In discussing the law applicable to this case, the Court had this to say:

" 'In this case the debtor, Paul J. Zeigler, had been absolutely discharged from the debt, and if he paid the sum of one hundred dollars, as seems to be alleged by the petition, by the request or with the consent of Virginia S. Zeigler, the debtor who remained bound, then the debt was satisfied, for the reason that one hundred dollars paid in to the creditor's hands by Paul J. Zeigler, a person under no legal obliga-

tion to pay the debt, might well be more beneficial than the obligation of Virginia S. Zeigler to pay a much larger sum.'

"In paragraph six of the petition it is, among other things, alleged that the petitioner, P. J. Zeigler, *at the request of Virginia S. Zeigler,* entered into negotiations with the respondent with the view of affecting a compromise with the respondent of its claims against his said wife. That in the course of such negotiations he received certain letters accepting the offer of settlement by payment by *postoffice order* of the sum of one hundred dollars, which payment was promptly made at the time and place and *in the manner agreed on.*

"Is there any denial in the answer of these material allegations? I think not. In paragraph 2 of the answer the respondent admits the offer by the petitioner, as alleged, and the acceptance thereof by the respondent, as set forth in exhibits one and two, and the payment of such amount, as evidenced by receipt of date December 3, 1903; 'and the plaintiff denies any further or other agreement than that above referred to.' There is certainly no denial here of the allegations that such negotiations and payment were at the request of Virginia S. Zeigler; nor is there any such denial in any other paragraph of the answer. And the effect of a failure to deny is construed as an admission. I conclude, therefore, that it was unnecessary for the petitioners to prove this allegation of their petition, as the same was not denied by the answer.

"This conclusion would seem to render a consideration of the testimony unnecessary, but as there may be an appeal, I think it best to pass upon the testimony, so that the entire matter may be considered by the Supreme Court in the event of an appeal.

"Does the testimony show that the payment of the amount by P. J. Zeigler was made at the request or with the knowledge and consent of his wife, Virginia S. Zeigler? It is true, the testimony is not so full or as clear as it might be,

but standing alone and uncontradicted, I regard it as sufficient to establish the fact that the payment was made with the knowledge and consent of his wife and at her request. I shall not protract this decree by discussing the testimony. It is very short and speaks for itself.

"Another fact in connection with the case necessarily leads to the same conclusion. By reference to the respondent's letter, of date November 21, 1903, it will be noted that the respondent stipulates for payment of the amount by way of *postoffice order*. The petition alleges that the amount was so paid, by postoffice order, and the allegation is not denied. In passing upon the principles involved in the consideration of this case the Supreme Court cites with apparent approval *Goddard* v. *O'Brien*, as holding that payment by way of check takes the case out of the rule as laid down in Pinnel's case, and the payment by promissory note will have the same effect, citing *Libres* v. *Tripp*, 15 M. & W. 23. If payment by check or promissory note should have the effect of releasing the case from the rule, then I can conceive of no reason why the payment by postoffice order should not have the same effect. But the Court goes further, citing a number of authorities in support of the proposition that where the money is paid by a third person, such person being under no legal obligation to pay the debt, that such payment is not subject to the rule in Pinnel's case. In the case at bar the payment was made by P. J. Zeigler, who was under no legal obligation to pay the debt, as he had been discharged in bankruptcy some time before.

"For these reasons I am of the opinion that the prayer of the petitioners ought to be granted."

Plaintiff appeals.

*Messrs. J. A. Willis* and *B. T. Rice,* for appellant. No citations.

*Messrs. J. O. Patterson & Son,* contra, cite: *Payment by insolvent in compromise pays whole:* 1 C. L. Pro. 324. *Pay-*

*ment by a third party:* 1 C. L. Pro. 325; 1 Am. Dig. 4; 1 C. L. Pro. 328, 329; 1 Ency. of Law, 416, 417; 1 Cent. Ed. Am. Dig. 495; 2 Bail. 574; 2 Hill 207; 16 S. C. 214. *Court may examine witness after testimony reported:* 58 S. C. 465; 69 S. C. 179.

March 16, 1911. The opinion of the Court was delivered by

Mr. Justice Hydrick. This is the second appeal in this case. The facts are fully stated in the former appeal. 83 S. C. 78, 63 S. E. 513. When the case was sent back to the Circuit Court, it was referred to the master to take and report the testimony, which was done. Thereafter, petitioners moved to be allowed to take the testimony of P. J. Zeigler, and submitted, in support of their motion, affidavits tending to show inadvertence and excusable neglect on the part of the attorney, who had first represented them, caused by his physical condition, as the reason why the testimony had not been taken at the reference before the master. The respondent submitted counter affidavits tending to rebut the showing as to the physical condition of their attorney, and tending to show that the testimony was not taken because their attorney did not consider it necessary. The Circuit Judge allowed the testimony to be taken in open Court, giving respondent an apportunity to reply to it.

The purpose of a reference to take testimony is to aid the Court, and facilitate the hearing on the merits. It is within the discretion of the Court, on motion of either party, or on its own motion, either to recommit a case for the taking of additional testimony, or to take such testimony in Court, sufficient opportunity being allowed to the parties to meet such testimony. The discretion was properly exercised in this case. The opinion of the Circuit Court upon the merits of the case is satisfactory, and for the reasons therein stated, the judgment below is affirmed.